IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WEISENBURGER,

    Plaintiff,

v.                                                                                        No. CIV 11-102 MV/GBW

JENNIFER STUFFLEBEAN,
LEONARD STUFFLEBEAN, and
FREDDY DeLAO,

    Defendants.

**DEFENDANT LEONARD STUFFLEBEAN'S RESPONSE
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

COMES NOW, Defendant Leonard Stufflebean, by and through counsel, the Brown Law Firm, Kevin M. Brown, Joel M. Young and Desiree D. Gurule, and hereby submits his response to Plaintiff's Motion Requesting Leave to Amend Complaint. Defendant Leonard Stufflebean opposes this Motion to Amend to the extent that it attempts to dismiss Defendant Freddy DeLaO as a party to these proceedings. As grounds for this opposition, Defendant Leonard Stufflebean states the following:

**I.      INTRODUCTION**

This case arises from the allegedly unlawful arrest, search and seizure of Plaintiff. Plaintiff has alleged a lack of probable cause and misrepresentation of facts by Defendants De La O and Mr. Leonard Stufflebean. Defendant Stufflebean has denied Plaintiff's contentions of wrongdoing and has stated affirmative defenses in this matter.

In the Joint Status Report and Provisional Discovery Plan, Plaintiff indicated the "possibility of settlement in this case is considered likely as to the claims against Freddy DeLao" [Doc. No. 23, Page 18.]. However, no motion or other pleading has previously been entered in this matter

1

evidencing Plaintiff's intent to dismiss Defendant De La O as a party to this case under Fed. R. Civ. P. 41(a).

Defendant Leonard Stufflebean submitted Requests for Production and Interrogatories pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34 to Defendant De La O on June 29, 2011 [Doc. No. 31]. At that time, no motion to dismiss Defendant De La O had been filed in this case. [Doc. Nos. 1 - 32]. As Defendant Leonard Stufflebean's Requests for Production and Interrogatories to Co-Defendant De la O are relevant to Defendant's opposition of Plaintiff's motion, they are attached hereto as Exhibit A (Defendant Leonard Stufflebean's Interrogatories to Co-Defendant) and Exhibit B (Defendant Leonard Stufflebean's Requests for Production to Co-Defendant). The Requests for Production and Interrogatories to Co-Defendant De la O address the issue of potential settlement between Plaintiff and Co-Defendant De la O, but address other issues as well, such as Co-Defendant's probable cause for the arrest of Plaintiff and discrepancies in Defendant De La O's statements regarding this matter. Plaintiff circulated his first Motion to Amend Complaint on July 05, 2011 to all parties, including Mr. De La O. (see July 05, 2011 Email from Mr. Garcia, attached as Exhibit C). Plaintiff circulated the second version of his Amended Complaint, which would not name Defendant De La O as a party, on July 06, 2011. (see July 06, 2011 Email from Mr. Garcia, attached as Exhibit D).

As discussed below, approval of Plaintiff's Motion to Amend Complaint, to the extent that it attempts to dismiss Defendant De La O as a party to these proceedings when responses to discovery requests are required under Fed. R. Civ. P 33 and Fed. R. Civ. P. 34, would be unfairly prejudicial to Defendant Stufflebean.

### III.   ARGUMENT

While Fed. R. Civ. P. 15(a) does provide for amendment of a pleading with leave of the court when "justice so requires," refusing leave to amend a pleading is justified "upon a showing of

undue delay, bad faith, or undue prejudice to a party." *Childers v. Independent School District No. 1*, 67 F.2d 1338, 1343 (10th Cir. 1982). The holding is consistent with the notion that litigants should be provided "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Harding v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Fed. R. Civ. P. 33(a) provides that written interrogatories may be served by "a party… on *any other party*" relating to any matter which "may be inquired into under Rule 26(b) (*emphasis added*). Rule 34 provides for service by a party upon "*any other party* a request within the scope of Rule 26(b)" for production or inspection of documents, electronically stored information, tangible things," etc.. Fed. R. Civ. P. 34 (*emphasis added*).

     Plaintiff's Motion to Amend Complaint would unduly prejudice Mr. Stufflebean to the extent that it asks the Court to dismiss a party to whom discovery requests were submitted seven days prior to Plaintiff's circulation of his version of the Amended Complaint which would dismiss Defendant De La O from the proceedings, and nearly five months after the original complaint. It was known by Plaintiff that a tentative settlement had been reached as to claims by Plaintiff against Mr. De La O, yet no action was taken to dismiss Defendant De La O from the proceedings until after Mr. Stufflebean served discovery requests in the matter [Joint Status Report and Provisional Discovery Plan, Doc. No. 23, Page 18; see also, Doc. No. 31; see also Exhibit D].

     Mr. Stufflebean submitted his requests for relevant discovery to Defendant De La O while he was a party to the matter and no motion or pleading had been entered to request his dismissal. Plaintiff argues that Mr. Stufflebean's request for information concerning the purported settlement in this case is a "curious desire" that has no bearing on Plaintiff's Motion to Amend Complaint. Fed. R. Civ. P. 26(b)(1) provides for discovery by parties regarding "any non-privileged matter that is relevant to any party's claim or defense." Federal Rule of Evidence 408(b) provides for use of settlement offers or agreements for the purpose of proving witness bias or prejudice.  When

settlement-related documents are sought primarily for their impeachment value, the possible relevance of the documents for that purpose are discoverable. *Directv, Inc. v. Puccinelli, et al.*, 224 F.R.D. 677, 684-686 (10th Cir. 2004). Mr. Stufflebean has evidenced more than mere "curious desire to see the terms of the settlement agreement" between Defendant De La O and Plaintiff.

  Additionally, Mr. Stufflebean has submitted discovery requests to Defendant De La O which are directly related to the facts at issue in this case and are unrelated to settlement agreements or offers between Plaintiff and Defendant De La O. (See Exhibit C, Interrogatory Nos. 2 – 4 and 6-14). Mr. Stufflebean has made requests for relevant and discoverable material pursuant to the Federal Rules of Civil Procedure, and no dispute has been entered into the record by Plaintiff or any other party as to the relevant and discoverable nature of those requests.

  Plaintiff argues that there will be no undue prejudice to Mr. Stufflebean as a result of the Court's granting leave to dismiss Defendant De La O at this time. However, Plaintiff's Motion does not address the discovery issue which his attempted dismissal of Defendant De La O raises. Plaintiff's argument is based on the assertion of claims which purportedly arise out of the same factual predicate. He fails to note that Mr. Stufflebean originally took no position on Plaintiff's Draft of Amended Complaint solely because of the potential conflict issues which may arise as a result of Plaintiff naming the Board of Commissioners of Sierra County (see Exhibit D). Mr. Stufflebean's opposition to Plaintiff's Motion to Amend Complaint arose when Plaintiff attempted to dismiss a party upon whom discovery requests were timely submitted and responses are pending. (see Doc. No. 33-2, Plaintiff's Exhibit B).

  Finally, Plaintiff argues in Footnote 2 of his Motion to Amend Complaint that Mr. Stufflebean did not raise concern about Defendant De La O's absence at the Rule 16 Scheduling Conference in the matter, or raise a claim that his absence would adversely affect Mr. Stufflebean's ability to defend the claims against him. At the time of the Scheduling Conference, Plaintiff did not

4

advise of any pleading or motion which he would be filing concerning the dismissal of Defendant De La O. At that time, Plaintiff's statement was that a tentative settlement had been reached in the matter as to claims against Defendant De La O. Plaintiff's advisement of having reached a tentative settlement with Defendant De La O, without a motion to dismiss Defendant De La O as a party to the proceedings, was not sufficient to advise Mr. Stufflebean that his time for serving discovery upon Defendant De La O had passed. Therefore, at the time of the Rule 16 Scheduling Conference, cause for concern in that regard was not necessary.

Mr. Stufflebean opposes Defendant's Motion to Amend Complaint in this matter on the basis of undue prejudice which would deny Mr. Stufflebean access to relevant and discoverable information submitted by a party to a party. Mr. Stufflebean's opposition to Plaintiff's motion is a result of Plaintiff's attempt to circumvent the Federal Rules of Civil Procedure as they relate to discovery.

## IV.  CONCLUSION

Because Defendant has demonstrated an undue prejudice as it relates to Defendant's pending discovery requests to Defendant De La O by Mr. Stufflebean, to the extent that Plaintiff's Motion to Amend Complaint attempts to dismiss Defendant De La O from the proceedings, Defendant requests that the Motion be denied in part, and takes no position on Defendant's addition of claims or parties in this matter. Defendant requests that Plaintiff be required to file a Motion to Dismiss Defendant De La O at such time that Defendant De La O has served discovery responses upon Mr. Stufflebean.

Respectfully submitted:

*Brown Law Firm*

*/s/ Desiree D. Gurule 07/21/11*
DESIREE D. GURULE
Attorney for Defendants
2901 Juan Tabo NE, Suite 208
Albuquerque, New Mexico  87112
(505) 292-9677

I HEREBY CERTIFY that on the 21st day of July, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Ronald Gould
rgould@thuntek.net

Matthew L. Garcia
matt@bachandgarcia.com

George Bach
George@bachandgarcia.com

/s/ Desiree D. Gurule
Desiree D. Gurule