IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WEISENBURGER,

    Plaintiff,

v.                                      CIV No. 11-102 MV/GBW

JENNIFER STUFFLEBEAN,
LEONARD STUFFLEBEAN,
and FREDDY DELAO,

    Defendants.

ORDER DENYING DEFENDANT LEONARD STUFFLEBEAN'S MOTION TO COMPEL

THIS MATTER came before the Court on the Defendant Leonard Stufflebean's Motion to Compel Discovery Production from Plaintiff. *Doc. 45.* The motion has been fully briefed and the Court has held a hearing on the matter. *Docs. 47, 50, 51, 57.* Subsequent to the hearing, the Court reviewed the settlement agreement at the heart of the dispute *in camera*. Being fully advised, the Court will deny the motion.

The discovery requests which are the subject of the motion are Interrogatory No. 15 and Request for Production No. 7. In relevant part, Interrogatory No. 15 asks Plaintiff to "provide any writings, video or audio recordings, or things which relate to the amount and reason(s) for settlement." *Doc. 45*, Ex. A. In relevant part, Request for Production No. 7 asks Plaintiff to "produce any documents, audio or video recordings,

1

or things related to any anticipated settlement with any other party to this lawsuit." *Doc. 45*, Ex. B. In this case, the only "settlement" is between Plaintiff and previous Defendant DeLao.

As discussed at the hearing on this matter, the items sought in these requests can be divided into three categories. The first and most obvious category includes the signed settlement agreement between Plaintiff and DeLao. The second category includes prior drafts of the settlement agreement which might have been passed back and forth between Plaintiff and DeLao. The third category includes non-settlement agreement items which might have been exchanged between Plaintiff and DeLao during the negotiation process.

The parties agree that the relevant standard is whether these requests are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(2). In his briefing and at argument, Defendant Stufflebean has asserted only that the items he seeks would be admissible "for the purposes of 'proving a witness's bias or prejudice.'" *Doc. 45* at 4 (*quoting* Fed. R. Evid. 408(b)). Defendant argues that these items could show bias by either Plaintiff or DeLao. *Id.* at 4-7.; *Doc. 50* at 5-8. Given that Defendant has made no argument that these items would lead to admissible evidence, there discoverability rests on whether they themselves are admissible.

The items that fall into the second and third categories outlined above would not be admissible at trial. The Tenth Circuit has made clear that "conduct and statements

made in connection with compromise negotiations may not be admitted for impeachment purposes." *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1545-46 (10th Cir. 1991). The items sought from these categories clearly fall within this prohibition. As there is no other basis for their discovery, the motion to compel these items will be denied.[1]

The settlement agreement between Plaintiff and DeLao is a closer call. Certainly, if the agreement explicitly required DeLao to give testimony favorable to Plaintiff at the trial, then the agreement could be admissible to show bias of DeLao. *See* Fed. R. Evid. 408(b). An inference of bias could also come from more subtle provisions in the plea agreement. For instance, given the significant allegations made against DeLao in the original complaint, an extremely low settlement amount could lead to a fair inference that DeLao would feel indebted to Plaintiff for letting him off so easily. In fact, one could imagine a number of ways that an inference of bias could come out of a settlement agreement. Consequently, the Court, without objection from Plaintiff, reviewed the settlement agreement *in camera*. During that review, the Court was mindful that an inference of bias can come both from what is in such an agreement and what is not included. Notwithstanding, upon review, the Court finds nothing in the

---

[1] Moreover, at the hearing, Plaintiff's counsel advised the Court and counsel that no items in category three exist because all items provided by Plaintiff to DeLao were also provided to Defendant Stufflebean. Therefore, the motion to compel items in the third category will also be denied as moot.

plea agreement which could fairly lead to an inference of bias on the part of DeLao.[2]

Given this finding, the Court concludes that the settlement agreement would likely not be admissible under Rule 408(b). As Defendant has presented no other basis for their discovery, the motion to compel the settlement agreement will be denied.

Finally, despite this ruling denying the Motion to Compel, the Court finds that Defendant's motion was substantially justified. Therefore, the Court will not order payment of expenses by Defendant.

WHEREFORE, Defendant Leonard Stufflebean's Motion to Compel Discovery Production from Plaintiff (*Doc. 45)* is hereby DENIED.

_____
Gregory B. Wormuth
United States Magistrate Judge

---

[2] As noted above, Defendant also made a passing argument in his motion that the items sought could be relevant to the credibility of Plaintiff's testimony. *See Doc. 45* at 6. At the hearing on this matter, Defendant was unable to explain to the Court how the settlement agreement could show bias on the part of Plaintiff. Nonetheless, the Court has reviewed the settlement agreement for anything that could lead to a fair inference of bias on the part of Plaintiff and found none.