IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WEISENBURGER,

      Plaintiff,

v.                          No. 2:11-cv-00102-MV-GBW

JENNIFER STUFFLEBEAN
LEONARD STUFFLEBEAN and
BOARD OF COMMISSIONERS OF SIERRA COUNTY,

      Defendants.

## STIPULATED CONFIDENTIALITY ORDER

THIS MATTER having come before the Court on the stipulation and agreement of the parties to allow the disclosure and/or discovery and inspection by the parties of certain records, material and information which may or may not otherwise be protected from discovery by the attorney-client, work product or physician-patient privileges and/or any rules, regulations, or laws of confidentiality governing disclosure of otherwise confidential information relating to third-parties; and the Court being advised that such production will include certain information that is private and confidential; that disclosure of such information may or will implicate the confidentiality and privacy rights of some or all of the parties or of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this

action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding only.

Therefore, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

IT IS THEREFORE ORDERED:

1. This Confidentiality Order shall govern the use and/or production and disclosure of certain records, information, documents, tangible things and materials (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. Documents comprising Confidential Material shall include, but not be limited to information relating to or about employees of the Defendants, past and present, including their personnel files and any other documents or information identified by the producing party marked as Confidential Material.

2. Prior to disclosure of Confidential Material, a producing party shall designate such material as Confidential Material, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of Confidential Material produced,

with the word "CONFIDENTIAL" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party clearly indicates otherwise.

3. Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees), and outside expert witnesses and consultants employed by the parties or their attorneys for this action. All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose. All outside expert witnesses and consultants employed for this action shall sign a copy of this Confidentiality Order, which shall be retained by the attorney by whom they were employed. A copy shall be produced to opposing counsel upon request. By signing a copy of this Confidentiality Order each such person agrees to be bound by the terms of the Confidentiality Order and to be subject to the jurisdiction of this Court. Counsel for the party producing Confidential Material shall be entitled to copies of the Order bearing the signatures of all such persons.

4. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit.

5. Upon the written request from the producing party at the termination of this lawsuit, all Confidential Material provided by a producing party to any other party or person in this lawsuit, and any copies made therefrom, shall be returned to the attorney for the producing party within twenty one (21) days of the request, the termination of this lawsuit, whether by entry of a final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any person.

6. Nothing contained in this Confidentiality Order, and no action taken pursuant to this Confidentiality Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Confidentiality Order.

7. Nothing contained in this Confidentiality Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from disclosing Confidential Material to whomever the producing party chooses, provided such disclosure is otherwise in accordance with this Order.

8. This Confidentiality Order shall continue in full force as to all of the parties and persons subject to this Confidentiality Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court.

9. Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Confidentiality Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Confidentiality Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Confidentiality Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 3 of this Confidentiality Order.

10. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material

shall be filed under seal; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom, may be placed in the public record.

11. Nothing contained in this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Confidentiality Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Confidentiality Order.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE