IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WEISENBURGER,

    Plaintiff,

v.                                                Civ. No. 11-102 MV/GBW

JENNIFER STUFFLEBEAN,
LEONARD STUFFLEBEAN,
FREDDY DELAO, and
SIERRA COUNTY BOARD OF
COMMISSIONERS,

    Defendants.

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT

This matter comes before the Court on Plaintiff's motion to enforce the settlement agreement as between him and Defendant Jennifer Stufflebean. *Doc. 101*. The Court held a settlement conference in this case on May 8, 2012, during which the parties settled the case. *See doc. 96*. On June 6, 2012, the parties filed a joint motion to dismiss the case, *doc. 99*, which this Court granted on June 14, 2012, *doc. 100*. Plaintiff filed the instant motion to enforce the settlement agreement against Defendant Jennifer Stufflebean on February 18, 2013, alleging that Ms. Stufflebean has failed to make the monthly payments to Plaintiff agreed to as part of the settlement. *Doc. 101*. He asks this Court to order Ms. Stufflebean to comply with the terms of the settlement agreement. *Id*. Because the Court lacks jurisdiction over this dispute, the instant motion must be denied.

The Supreme Court's holding in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), dictates this result.  In *Kokkonen*, as here, one party to a settlement agreement resolving a federal lawsuit sought to enforce the agreement.  *Id*. at 378; *see doc. 101*.  In *Kokkonen*, as here, the settlement agreement included no provision by which the trial court retained jurisdiction nor did it incorporate the terms of the agreement into the dismissal order.  511 U.S. at 378; *see docs 100 & 101*, Ex. 1.; *cf. Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (noting federal courts can retain jurisdiction over settlement agreements by conditioning dismissal on compliance with the agreement or by incorporating the agreement into its order of dismissal).  Under these circumstances, the Supreme Court held that, absent some independent basis of federal jurisdiction, a federal court does not have jurisdiction to enforce a settlement agreement merely because the settlement resolved an earlier federal suit.  *Id*. at 381.

Simply put, Plaintiff essentially asserts a breach of contract claim against Ms. Stufflebean.  To maintain this action in federal court, an independent basis of jurisdiction must exist.  As this action presents no federal question and does not meet the amount in controversy requirement of diversity jurisdiction, this Court lacks jurisdiction.  Plaintiff's motion, *doc. 101*, is therefore DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE